NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3122

MARSHA L. PAYTON,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Marsha L. Payton, of Alexandria, Virginia, pro se.

Christopher L. Krafchek, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3122

MARSHA L. PAYTON,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in DC831E070603-I-1.

_____

DECIDED: July 10, 2008

_____

Before MICHEL, <u>Chief Judge</u>, NEWMAN and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Marsha Payton petitions for review of the decision of the Merit System Protection Board upholding the denial of her application for disability retirement. We <u>affirm</u>.

## BACKGROUND

Ms. Payton was removed from her position with U.S. Customs and Border Protection effective September 15, 2004, based on charges of reckless disregard for the safety of others, insubordination, failure to follow instructions, unprofessional conduct, and absence without leave. She appealed the removal action to the Merit Systems

Protection Board, which sustained the removal. Her petition for review by this court was dismissed as untimely.

On March 15, 2007, Ms. Payton filed an application for disability retirement with the Office of Personnel Management ("OPM"). OPM denied the application on the ground that it was not filed either prior to her separation or within one year thereafter, as required by 5 U.S.C. §§ 8337(b), 8453. OPM also found that there was no evidence that Ms. Payton was eligible for a waiver of the time limit for filing an application for disability retirement, which is available only to applicants who are mentally incompetent. 5 U.S.C. §§ 8337(b), 8453. The Merit Systems Protection Board upheld the agency's decision. Ms. Payton petitioned for a review by the full Board, which denied the petition. This petition for review followed.

DISCUSSION

In this appeal, we are limited to reviewing whether the Board was correct in affirming OPM's denial of Ms. Payton's application for disability retirement. Ms. Payton appears to challenge the underlying removal action, but that issue was resolved against her in her earlier appeal to the Board, and it is not properly before us in this appeal.

By statute, an application for disability retirement must be filed before the employee's separation from service or within one year after separation. 5 U.S.C. §§ 8337(b), 8453. That requirement may be waived if the applicant is mentally incompetent. Id. Ms. Payton was separated from service on September 15, 2004. She apparently prepared her application for disability retirement in January 2007. The application was received by OPM in March 2007. Ms. Payton does not argue that she applied for disability retirement within one year after the effective date of her removal in

September 2004. Instead, she contends that she was actually not removed until December 27, 2006, when she was allegedly denied the right to return to her job. Contrary to Ms. Payton's contention, there is ample evidence that, as the Board found, her removal became effective on September 15, 2004. That evidence includes the removal letter itself, which refers to the effective date of removal as September 15, 2004. More than two years elapsed between Ms. Payton's separation from service in 2004 and the time she filed her application for disability retirement. She therefore did not satisfy the one-year statutory time limit for applying for disability retirement.

In order to waive the statutory time limit, OPM would have had to find that Ms. Payton was mentally incompetent during the relevant time period leading up to her application for retirement. 5 U.S.C. §§ 8337(b), 8453. Ms. Payton does not claim that her delay in filing an application for disability retirement was attributable to mental incompetence, nor does she contest the Board's finding that she was mentally competent during the year following her separation. In fact, Ms. Payton was found to have no "evidence of depression or significant functional incapacity" during a medical examination on November 17, 2006. Because Ms. Payton has not shown that she filed her application for disability retirement within the one-year statutory period and because there is no allegation or evidence that she is eligible for a waiver of the statutory time limit due to mental incompetence, we must affirm the decision of the Board.